UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| STEVEN SCOTT SAMUELSON,<br><br>Petitioner,<br><br>v.<br><br>TOM ROY,<br>Minn. Commissioner of Corrections,<br><br>Respondent. | Civil No. 13-3025 (PAM/LIB)<br><br>**REPORT AND RECOMMENDATION** |

Steven Scott Samuelson, Minnesota Correctional Facility - Faribault, 1101 Linden Lane, Faribault, Minnesota, 55021, Petitioner, pro se.

Todd S. Webb, Assistant Itasca County Attorney, 123 NE Fourth Street, Grand Rapids, Minnesota, 55744, for Respondent.

LEO I. BRISBOIS, United States Magistrate Judge

This matter is before the undersigned Magistrate Judge of the District Court on the petition of Steven Scott Samuelson, ("Petitioner"), for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1.) Respondent has filed a response, (Docket Nos. 8-15), contending that the petition should be dismissed, and Petitioner has filed a Reply Memorandum with supporting materials, (Docket Nos. 16-20). The case has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Petitioner's habeas corpus petition be DENIED, and that this action be DISMISSED WITH PREJUDICE.

**I. BACKGROUND**

In November 2009, Petitioner was charged with assaulting his girlfriend, who is referred to in the record as "JLB." At Petitioner's first court appearance in that matter, the

state trial court judge entered a "Domestic-Abuse No Contact Order," or "DANCO," pursuant to Minn.Stat. § 518B.01, subd. 22.[1] The judge explained to Petitioner that the DANCO prohibited him from having any contact with JLB, and he asked Petitioner whether he understood the DANCO restrictions. Petitioner said that he did understand the DANCO. During the course of the next six weeks, however, Petitioner violated the DANCO numerous times while he was being detained at the Itasca County Jail. As a result, new charges were filed against Petitioner for violating the DANCO.

A jury found Petitioner guilty of more than 30 DANCO violations, and he was sentenced to an aggregate prison term of five years and five days. Petitioner is presently serving his sentence at the Minnesota Correctional Facility in Faribault, Minnesota.

After Petitioner was convicted and sentenced, he filed a direct appeal with the Minnesota Court of Appeals. On appeal, Petitioner argued, inter alia, that (1) the DANCO statute that he was convicted of violating is unconstitutionally vague, and (2) a DANCO order violates the constitutional "right to privacy" if the person to be protected by the order

---

[1] As explained by the Minnesota Court of Appeals, the DANCO statute provides:

"(a) A domestic abuse no contact order is an order issued by a court against a defendant in a criminal proceeding for:
    (1) domestic abuse;
    (2) harassment or stalking charged under section 609.749 and committed against a family or household member;
    (3) violation of an order for protection ...;
    (4) violation of a prior domestic abuse no contact order charged under this subdivision."

State v. Samuelson, No. A11-326 (Minn.App. 2012), 2012 WL 2873838 (unpublished opinion), **1 -2, rev. denied, Nov. 20, 2012. After Petitioner was charged, the DANCO statute, Minn.Stat. 518B.01, was revised and renumbered.

(in this case JLB) opposes the order and avers that there are no valid grounds for it. The Minnesota Court of Appeals summarily rejected both of those arguments, because they had not been presented to the trial court, and thus they had not been properly preserved for appeal. Addressing the "void for vagueness" claim, the Court of Appeals explained:

> "<u>We decline to address this issue on the merits</u>. This is primarily because [Petitioner] did not raise it to the district court, which precludes appellate review because a challenge to the constitutionality of a criminal statute may not be raised for the first time on appeal. <u>State v. Williams</u>, 794 N.W.2d 867, 874 (Minn.2011); <u>State v. Kager</u>, 357 N.W.2d 369, 370 (Minn.App.1984) (declining to rule on the constitutionality of a statute when the issue was not raised or ruled upon by the district court)."

<u>State v. Samuelson</u>, No. A11-326 (Minn.App. 2012), (unpublished opinion), 2012 WL 2873838 at * 2, (emphasis added), <u>rev</u>. <u>denied</u>, Nov. 20, 2012.

The Court of Appeals likewise declined to address Petitioner's "right to privacy" claim, holding that "it is another issue that was not raised to or ruled on by the district court." <u>Id</u>.[2]

All of the other arguments that Petitioner raised in his direct appeal were rejected on the merits, and the Minnesota Court of Appeals ultimately affirmed Petitioner's conviction and sentence. <u>Id</u>. at *5. The Minnesota Supreme Court summarily denied Petitioner's application for further for review on November 20, 2012, and the United States Supreme Court denied his petition for a writ of certiorari on June 17, 2013. <u>Samuelson v. Minnesota</u>, 133 S.Ct. 2833 (2013).

---

[2] The Court of Appeals added: "Moreover, even assuming the existence of a privacy right in intimate relationships, [Petitioner] has offered no authority showing such right to be paramount to the right, indeed duty, of the state to prosecute perpetrators of violent criminal acts that occur in the domestic setting." <u>Samuelson</u>, 2012 WL 2873838 at *2.

Petitioner's current habeas corpus petition was filed on November 5, 2013.[3] The petition lists only a single ground for relief, which appears to be the same "void for vagueness" claim that Petitioner attempted to bring in his direct appeal. (Petition, p. 5.) However, Respondent has suggested that Petitioner might also be attempting to raise the "right to privacy" claim that he raised on direct appeal. Petitioner has not objected to this characterization of his petition, and the Court finds it to be reasonable.[4] Therefore, even though the petition, on its face, appears to present only one ground for relief, the Court will assume that Petitioner is seeking habeas review of two of the claims raised in his direct appeal – (1) the "void for vagueness" claim, and (2) the "right to privacy" claim.

Respondent contends that neither of the claims presented in the current habeas corpus petition can be entertained and decided on the merits, because both of those claims have been procedurally defaulted. The Court agrees.

---

[3] Petitioner filed an earlier habeas corpus petition in this District while his direct appeal was still pending in the state courts. Samuelson v. Roy, Civil No. 12-409 (PAM/LIB). That case was summarily dismissed without prejudice, because Petitioner had not yet exhausted his state court remedies. See 28 U.S.C. § 2254(b). Respondent acknowledges that Petitioner's current claims "are not barred by a failure to exhaust state remedies." (Respondent's Answer, [Docket No. 9], p. 1.)

[4] Petitioner's own description of "Ground One" of his petition, repeated verbatim and in its entirety, is as follows:

> "The Petitioner's incarceration constitutes the unconstitutional enforcement of an unconstitutional order abridging protected Free Speech, Privacy, and right to intimate association (1st, 4th, 9th, and 14th Amendments). Further, the statute allowing the issuance of such an order is unconstitutionally vague, and otherwise violates the 14th Amendment to the United States Constitution by being a State law which abridges said 1st, 4th, 9th, and 14th Amendments to said Constitution."

(Petition, p. 5, § 12, "Ground One.")

## II.  DISCUSSION

> "Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism. These rules include the doctrine of procedural default, under which <u>a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule</u>.... [Citation omitted.]  A state court's invocation of a procedural rule to deny a prisoner's claims precludes federal review of the claims if, among other requisites, the state procedural rule is a nonfederal ground adequate to support the judgment and the rule is firmly established and consistently followed."

Martinez v. Ryan, 132 S.Ct. 1309, 1316 (2012) (emphasis added).

"A federal district court is precluded from substantively considering a habeas corpus claim that a state court has disposed of on independent and adequate non-federal grounds, including state procedural grounds."  Clemons v. Luebbers, 381 F.3d 744, 750 (8th Cir. 2004), cert. denied, 546 U.S. 828 (2005).  When a state appellate court has expressly declined to address a particular claim on the merits pursuant to a state procedural rule, the claim is "procedurally defaulted" for federal habeas corpus purposes. As the Eighth Circuit Court of Appeals explained in Hall v. Delo, 41 F.3d 1248, 1250 (8th Cir. 1994), "[a] federal claim has not been fairly presented to the state courts," and is therefore procedurally defaulted, "when the state court has declined to decide the federal claim on the merits because the petitioner violated a state procedural rule."  See also McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) ("a federal court may usually only consider 'those claims which the petitioner has presented to the state courts in accordance with state procedural rules'") (quoting Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir.), cert. denied, 517 U.S. 1215 (1996)); Satter v. Leapley, 977 F.2d 1259, 1261 (8th Cir. 1992)

("[o]rdinarily, a federal court reviewing a state conviction in a 28 U.S.C. § 2254 proceeding may consider only those claims which the petitioner has presented to the state courts in accordance with state procedural rules").

A claim that has been procedurally defaulted in the state courts will not be entertained in a federal habeas corpus proceeding, unless the petitioner has shown "cause and prejudice" to excuse his procedural default, or, in the alternative, that there would be a "fundamental miscarriage of justice" if the federal court declined to consider the claim. Coleman v. Thompson, 501 U.S. 722, 750 (1991). The "fundamental miscarriage of justice" exception is available only upon a "showing, based on new evidence, that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Brownlow v. Groose, 66 F.3d 997, 999 (8th Cir. 1995), cert. denied, 516 U.S. 1161 (1996) (emphasis added), quoting Schlup v. Delo, 513 U.S. 298, 327 (1995). In other words, the petitioner cannot simply point to errors that allegedly occurred during the course of his criminal prosecution; he must instead offer some new evidence which affirmatively demonstrates that he plainly did not commit the criminal acts that he was accused of committing. See Cox v. Burger, 398 F.3d 1025, 1031 (8th Cir.) (successful demonstrations of actual innocence are "rare and limited," because the actual innocence exception is "permitted only for 'truly persuasive demonstrations of actual innocence,' based on reliable new evidence which shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner] in light of the new evidence'"), cert. denied, 546 U.S. 844 (2005) (citations omitted).[5]

---

[5] The Eighth Circuit has further explained that –

The rules governing procedural default have been summarized by the United States Supreme Court as follows:

> "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violations of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."

Coleman, 501 U.S. at 750.

In this case, the Minnesota Court of Appeals summarily rejected both of Petitioner's current habeas corpus claims, because Petitioner failed to raise those claims in accordance with applicable state procedural rules. More specifically, Petitioner's "void for vagueness" and "right to privacy" claims were found to be procedurally barred, because he had not previously raised them in the trial court. The Court of Appeals expressly refused to adjudicate either of those claims on the merits, because they had not been properly preserved for appellate review in the manner prescribed by Minnesota's state court

---

"The actual innocence exception is concerned with claims of actual, not legal innocence. Anderson v. United States, 25 F.3d 704, 707 (8th Cir. 1994). It is evidence of factual innocence coupled with a constitutional violation which triggers the actual innocence exception. Indeed, a credible claim of actual innocence 'requires [a] petitioner to support his allegation of constitutional error with new reliable evidence....' [Schlup, 513 U.S. at 324.] Examples of evidence which may establish factual innocence include credible declarations of guilt by another, see Sawyer v. Whitley, 505 U.S. 333, 340... (1992), trustworthy eyewitness accounts, see Schlup, 513 U.S. [at 324]... and exculpatory scientific evidence."

Pitts v. Norris, 85 F.3d 348, 350-51 (8th Cir.), cert. denied, 519 U.S. 972 (1996). For purposes of showing actual innocence, "'evidence is new only if it was not available at trial and could not have been discovered earlier through the exercise of due diligence.'" Johnson v. Norris, 170 F.3d 816, 817 (8th Cir. 1999), quoting Armine v. Bowersox, 128 F.3d 1222, 1230 (8th Cir. 1997) (en banc), cert. denied, 523 U.S. 1123 (1998).

procedural requirements. Because the Minnesota Court of Appeals found Petitioner's claims to be procedurally barred, they have been procedurally defaulted for federal habeas purposes.[6]

Petitioner does not deny that his vagueness and privacy claims were found to be procedurally barred, but he contends that the procedural rulings by the Minnesota Court of Appeals were erroneous. Petitioner contends that he did raise those claims in the trial court, and the Court of Appeals wrongly refused to adjudicate them on the merits. (See Petitioner's Memorandum in Support of Petitioner's Reply to Respondent's Answer, [Docket No. 16], pp. 5-12.[7]) This argument cannot be sustained, because a state court's application of a state procedural rule is not reviewable in a federal habeas corpus action.

---

[6] As previously mentioned, (see n. 2, supra), after the Court of Appeals denied Petitioner's "right of privacy" claim on procedural grounds, the Court added that "even assuming the existence of a privacy right in intimate relationships, [Petitioner] has offered no authority showing such right to be paramount to the right, indeed duty, of the state to prosecute perpetrators of violent criminal acts that occur in the domestic setting." Samuelson, 2012 WL 2873838 at *2. This supplemental observation about the merits of Petitioner's claim does not vitiate his procedural default. As the Supreme Court explained in Harris v. Reed, 489 U.S. 255, 264, n. 10 (1989):

> "[A] state court need not fear reaching the merits of a federal claim in an alternative holding. By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law." (Emphasis in the original.)

[7] Petitioner's assertion that he preserved his "void for vagueness" argument for appellate review is belied by his own brief to Minnesota Court of Appeals. There, Petitioner candidly acknowledged that the "void for vagueness" arguments that he raised at the trial court level were only "similar" to arguments he was advancing on appeal, and the "precise question" raised on appeal "was not raised below." This concession was reiterated in a subsequent passage of the brief, which bluntly states "[t]he undersigned raises this issue for the first time on appeal." Petitioner's brief to the Minnesota Court of Appeals is included in Respondent's Appendix. (Docket Nos. 13-15.) The first passage quoted from the brief is at p. A443 of the Appendix, and the second passage is at p. A472.

It is well settled that "[a] federal court may not re-examine a state court's interpretation and application of state law." Schleeper v. Groose, 36 F.3d 735, 737 (8th Cir. 1994). In Murray v. Hvass, 269 F.3d 896, 899 (8th Cir. 2001), cert. denied, 535 U.S. 935 (2002), the Eighth Circuit held that "it is not the province of a federal court to decide whether a matter ought to be considered procedurally defaulted under state law." This rule was reiterated in Owsley v. Bowers, 234 F.3d 1055, 1058 (8th Cir. 2000), cert. denied, 534 U.S. 1121 (2002). In Owsley, a state appellate court had ruled that a claim was not properly raised and preserved for direct appeal. The Eighth Circuit rejected the argument that the state court had erred, explaining that –

> "We are obliged to respect the conclusion of the Missouri Supreme Court here. A federal court conducting habeas corpus review must ordinarily refrain from reviewing any issue that a state court has already found to be defaulted on an adequate and independent state-law basis."

Id. at 1058.

In May v. Iowa, 251 F.3d 713, 716 (8th Cir. 2001), the Eighth Circuit once again rejected a habeas petitioner's challenge to the validity of a state procedural bar, pointing out that "[w]e may not disturb a state court decision interpreting state law on habeas review... and thus we reject [the petitioner's] contention that he did not default his three ineffective assistance of counsel claims." In Clemons, 381 F.3d at 751, the Eighth Circuit again declared that "federal courts do not look at whether state courts have correctly applied their own procedural rules[;] [t]hey simply determine whether those procedural rules were applied to bar the claim." It is therefore clear that this Court cannot review and overturn the Minnesota Court of Appeals' determination that Petitioner's "void for vagueness" and "right of privacy" claims were barred by the state's procedural rules.

The only remaining issue to be resolved is whether Petitioner has shown cause and prejudice, or actual innocence, to excuse his procedural default. The Court finds that Petitioner is unable to satisfy either the cause and prejudice standard, or the actual innocence standard, with regard to his procedurally defaulted claims.

Petitioner has made no discernible effort to show any legally sufficient cause to excuse his procedural default, and the Court cannot independently identify any such cause. The only argument that Petitioner has offered to excuse his procedural default is that the Minnesota Court of Appeals misapplied the state's procedural rules. But that argument has already been rejected for the reasons discussed above. See Schleeper, 36 F.3d at 737 ("a state's misapplication of its own procedural rule is not cause for default"). Because Petitioner has failed to satisfy the cause component of the cause and prejudice requirement, it is unnecessary to separately consider the prejudice component. Ashker v. Class, 152 F.3d 863, 871 (8th Cir. 1998) (when petitioner "has not shown adequate cause to overcome the procedural bar... we need not consider the issue of actual prejudice"); Sweet v. Delo, 125 F.3d 1144, 1151 (8th Cir. 1997), cert. denied, 523 U.S. 1010 (1998) (same).

Petitioner also does not qualify for the "actual innocence" exception, because he has offered no new evidence to affirmatively demonstrate that he did not commit the crime for which he was convicted. To qualify for the actual innocence exception, Petitioner would have to present some compelling new evidence, which would conclusively establish that, in fact, he did not commit the acts that the state accused him of committing. See Cassell v. Norris, 103 F.3d 61, 62 (8th Cir. 1996) ("[f]or actual innocence to lift the procedural bar," a habeas petitioner "must show that it is more likely than not that, in light of new evidence,

10

no reasonable juror would have convicted him"), cert. denied, 522 U.S. 857 (1997). However, Petitioner has not identified any new evidence showing that he did not violate the DANCO. Indeed, Petitioner does not dispute the factual basis for his conviction; he is challenging his conviction based solely on alleged legal error. See Sawyer, 505 U.S. at 340 ("the miscarriage of justice exception is concerned with actual as compared to legal innocence"). Again, Petitioner has offered no new evidence proving that he did not actually commit the acts for which he was convicted. Therefore, Petitioner's procedurally defaulted claims cannot be entertained under the "actual innocence" exception.

For the reasons discussed above, the Court concludes that (a) the claims for relief presented in Petitioner's current habeas corpus petition have been procedurally defaulted, and (b) Petitioner cannot overcome his procedural default under either the "cause and prejudice" exception, or the "actual innocence" exception. The Court will therefore recommend that this action be dismissed with prejudice, without reaching the merits of Petitioner's claims.[8]

---

[8] Because of Petitioner's procedural default, his current claims were not adjudicated on the merits in his state court appeals. As a result, the standard of review prescribed by 28 U.S.C. § 2254(d) is not readily applicable to those claims. See Harrington v. Richter, 131 S.Ct. 770, 785 (2011) ("[f]ederal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision 'was contrary to' federal law then clearly established in the holdings of this Court, § 2254(d)(1);... or that it 'involved an unreasonable application of' such law, § 2254(d)(1); or that it 'was based on an unreasonable determination of the facts' in light of the record before the state court, § 2254(d)(2)") (emphasis added). Here, the Court could not find that the state courts' adjudication of Petitioner's claims was "contrary to" or "an unreasonable application of" apposite rulings of the U.S. Supreme Court, (or that there was an "unreasonable determination of the facts"), because Petitioner's procedural default precluded the Minnesota Court of Appeals from adjudicating those claims on the merits.

Moreover, Petitioner has not shown that his constitutional challenges to Minnesota's DANCO statute are explicitly supported by any decisions of the United States Supreme

## III. CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability, ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted, unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. Daniel, 529 U.S. 473, 484 (2000).

In this case, the Court finds that it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, could decide Petitioner's claims any differently than they have been decided here. Petitioner has not identified, (and the Court cannot independently discern), anything novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Petitioner should not be granted a COA in this matter.

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2254,

---

Court. Petitioner has not cited any specific Supreme Court decision that could raise any doubt about the constitutionality of the statute that Petitioner was convicted of violating. Indeed, Petitioner's explanation of his current constitutional claims does not even mention a single decision of the United States Supreme Court. (See Petition, [Docket No. 1], "Attachment 6.") Therefore, even if Petitioner could somehow overcome his procedural default, it is difficult to imagine how he could possibly be granted a writ of habeas corpus on any of the claims presented in his petition.

(Docket No. 1), be **DENIED**;

    2. This action be **DISMISSED WITH PREJUDICE**; and

    3. Petitioner should **NOT** be granted a Certificate of Appealability.

Dated: May 7, 2014

                                                            s/Leo I. Brisbois
                                                            LEO I. BRISBOIS
                                                            United States Magistrate Judge

## N O T I C E

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by May 21, 2014**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.