UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Steven Scott Samuelson,                                              Civil No. 13-3025 (PAM/LIB)

Petitioner,

v.                                                                                  **ORDER**

Tom Roy, Minnesota Commissioner
of Corrections,

Respondent.

---

This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Leo I. Brisbois dated May 7, 2014. The R&R recommended that this Court deny Petitioner's habeas corpus petition as procedurally defaulted and dismiss the action with prejudice. Petitioner has raised numerous objections to the R&R. According to statute, the Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that de novo review, the Court adopts the R&R.

Petitioner seeks habeas relief on two grounds: (1) that the statute under which he was convicted—Minn. Stat. § 518B.01—is void due to vagueness; and (2) the statute unconstitutionally violated his right to privacy. The R&R determined that Petitioner procedurally defaulted on those claims because he did not present them to the trial court. Indeed, the Minnesota Court of Appeals expressly declined to hear Petitioner's instant claims because he failed to raise them below. The Minnesota Supreme Court then declined to review the case, as did the United States Supreme Court.

Petitioner argues that the R&R is incorrect because he did in fact raise the issues before the trial court. The record does not support Petitioner's contention. Moreover, "[a] federal court may not re-examine a state court's interpretation and application of state law." Schleeper v. Groose, 36 F.3d 735, 737 (8th Cir. 1994). In other words, the Court does not have the authority to override the state court's determination that Petitioner's claims are procedurally defaulted.

Petitioner alternatively argues that even if the issues were not brought before the trial court, he should be permitted to pursue them under § 2254 because he has established the requisite "cause and prejudice." But, as the R&R notes, Petitioner does nothing to establish either cause or prejudice. Petitioner instead simply argues that the state court erred in determining that he had defaulted. Even if Petitioner is correct, "a state's misapplication of its own procedural rule is not cause" to permit habeas review. Id.

Petitioner lastly contends that his claims should not be deemed procedurally defaulted because he has shown "actual innocence." See id. (noting that "actual innocence" is a basis for review of habeas claim). For the reasons stated in the R&R, the Court disagrees.

The R&R is also correct that a certificate of appealability should not issue in this matter. The principles here are not "debatable among reasonable jurists." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994). Rather, it is well-settled that a state prisoner must present all of his claims to all levels of review in the state courts before he can ask the federal courts to grant him habeas relief. The issues Petitioner raises are not "colorable issue[s] worthy of an appeal." Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam).

The Court therefore will not grant a certificate of appealability.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner's Petition for Writ of Habeas Corpus (Docket No. 1) is **DENIED**;

2. This action is **DISMISSED with prejudice**; and

3. Petitioner is **DENIED** a Certificate of Appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: <u>May 28, 2014</u>

                *s/ Paul A. Magnuson*
                Paul A. Magnuson
                United States District Court Judge