UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Steven Scott Samuelson,                                          Case No. 13-cv-3025 (PAM/LIB)

                Petitioner,

v.                                                               **MEMORANDUM AND ORDER**

Tom Roy, Minnesota Commissioner of
Corrections,

                Respondent.

---

This matter is before the Court on Petitioner Steven Samuelson's Motion for an Extension of Time to File a Notice of Appeal and Application to Proceed in Forma Pauperis on Appeal. For the reasons that follow, the Court grants the Motion and the Application.

**BACKGROUND**

In 2010, a Minnesota district court convicted Samuelson of violating a Domestic Abuse No Contact Order ("DANCO"). Samuelson appealed his conviction to the Minnesota Court of Appeals, arguing, as relevant here, that the DANCO statute was unconstitutional because it (1) was void for vagueness and (2) violated his right to privacy. State v. Samuelson, No. A11-326, 2012 WL 2873838 (Minn. App. 2012), rev. denied, Nov. 20, 2012. The Court of Appeals rejected those arguments on the grounds that Samuelson failed to present them to the district court and thus had not properly preserved them for appeal. Id. at *2. Both the Minnesota Supreme Court and the United States Supreme Court summarily denied review. Samuelson v. Minnesota, 133 S. Ct. 2833 (2013).

On November 5, 2013, Samuelson petitioned this Court for habeas relief under 28

U.S.C. § 2254, asserting the same constitutional claims—void for vagueness and right to privacy—that he unsuccessfully pursued on direct appeal. (Habeas Pet. (Docket No. 1).) On May 28, 2014, the Court denied the petition. (Order (Docket No. 23).) In doing so, the Court concluded that Samuelson's claims were procedurally defaulted, as definitively determined by the Minnesota Court of Appeals, preventing the Court from reaching the merits of the claims. (Id. at 1-2.) The Court also found that Samuelson had not shown "cause and prejudice" or "actual innocence" to excuse the procedural default. (Id. at 2.)

Samuelson now aims to appeal the Court's denial of his habeas petition. On July 25, 2014, Samuelson noticed the appeal and requested in forma pauperis status. (Notice of Appeal (Docket No. 25); In Forma Pauperis Appl. (Docket No. 26).) Belated in filing the notice of appeal, Samuelson also sought an extension of the filing deadline. (Extension Mot. (Docket No. 27).)

**DISCUSSION**

**I.    Motion for an Extension of Time to File a Notice of Appeal**

The Court first addresses Samuelson's extension request. Samuelson asks for an additional twenty-eight days to render his now-filed notice of appeal timely.

Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order on a § 2254 habeas petition. Rules Governing Section 2254 Cases 11(b). Under Rule 4(a), a party intending to appeal must file a notice of appeal "within 30 days after entry of the judgment." Fed. R. App. P. 4(a)(1)(A). The Court may extend that deadline, but only if the party "moves no later than 30 days after the time prescribed by this Rule 4(a) expires" and

"shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A).

Samuelson has satisfied both requirements for an extension. Samuelson did not file his notice of appeal until July 25, twenty-eight days beyond the thirty days after the Court entered judgment on May 28.[1] But Samuelson has met the first requirement by moving for an extension within thirty days after the time to file the notice of appeal expired.

And more importantly, Samuelson has met the second requirement: he has shown "excusable neglect" for the lateness of his appeal. The determination of whether a party's neglect of a deadline is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Gibbons v. United States, 317 F.3d 852, 854 (8th Cir. 2003) (citation and quotation marks omitted). Factors to be considered include "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay . . . and whether the movant acted in good faith." Id. Not all factors carry equal weight: "the excuse given for the late filing must have the greatest import." Lowry v. McDonnell Douglas Corp., 211 F.3d 457, 463 (8th Cir. 2000).

Samuelson has offered a plausible excuse for filing his notice of appeal late. The deadline for Samuelson's notice of appeal was June 27, the day after his release from prison.

---

[1] Samuelson was released from prison on June 26, 2014, and was therefore no longer in custody when he filed his notice of appeal. (Extension Mot. at 1.) Even still, the Court has jurisdiction over this matter because Samuelson was in custody when he filed his habeas petition. See Lopez v. Heinauer, 332 F.3d 507, 510 (8th Cir. 2003) (explaining that the in-custody requirement of the habeas statute is satisfied so long as "the petitioner was in custody at the time he filed his habeas petition").

In anticipation of his release, Samuelson asserts that he had to resolve several "time-sensitive" issues. (Extension Mot. at 1-3.) His ability to prepare his appeal in the face of those issues was likely compounded by the delay in which Samuelson received notice of the judgment and by his pro-se status.

The Court finds that Samuelson's neglect to file his notice of appeal on time is excusable. Thus, it will grant his extension request and deem his notice to be timely filed.

**II.     Application to Proceed in Forma Pauperis on Appeal**

Having allowed Samuelson enough time to file his notice of appeal, the Court turns to his request to proceed in forma pauperis on appeal. According to Samuelson, he cannot afford the $500 appellate filing fee.

A litigant who wishes to be excused from paying the filing fee for an appeal may apply for in forma pauperis status. 28 U.S.C. § 1915(a)(1); Fed. R. App. P. 24(a). To qualify for in forma pauperis status, the litigant must show by motion and affidavit that he or she is unable to pay the filing fee. Id. Even if the litigant establishes inability to pay, he or she may not proceed in forma pauperis if the Court finds that the appeal is not taken "in good faith." 28 U.S.C. § 1915(a)(3). The good-faith standard is an objective one: whether the claims to be decided on appeal are factually or legally frivolous. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Based on the disclosures in his affidavit, Samuelson is unable to pay the filing fee. Recently released from prison, Samuelson has no employment income or other savings, faces steep expenses to reintegrate into society, and may need to apply for assistance for homeless

veterans. And although the Court remains convinced that Samuelson's habeas petition lacks merit, it cannot say that his appeal is frivolous or that he is otherwise pursuing the appeal in bad faith.

Because Samuelson is financially eligible for in forma pauperis status and is acting in good faith, the Court will excuse him from paying the filing fee for his appeal.

## CONCLUSION

Samuelson has shown excusable neglect in the untimely filing of his notice of appeal, and his financial circumstances warrant in forma pauperis status. Accordingly, **IT IS HEREBY ORDERED** that:

1. Samuelson's Motion for an Extension of Time to File a Notice of Appeal (Docket No. 27) is **GRANTED**; and

2. Samuelson's Application to Proceed in Forma Pauperis on Appeal (Docket No. 26) is **GRANTED**.

Dated:   July 31, 2014

                                            *s/Paul A. Magnuson*
                                           Paul A. Magnuson
                                           United States District Court Judge